IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:              )      CASE NO. BK06-41187
                               )
JASON SCOTT McGHGHY,           )      CH. 7
                               )
            Debtor.            )

## ORDER

Hearing was held in Omaha, Nebraska, on November 20, 2006, regarding the amended motion to avoid lien filed by Debtor (Fil. #23) and the resistance thereto filed by Cornerstone Bank (Fil. #24).[1] At the same time, hearing was also held on the objection to exemptions filed by Cornerstone Bank (Fil. #16) and the resistance thereto filed by Debtor (Fil. #18). Gregory M. Neuhaus appeared for Debtor and Kent E. Rauert appeared for Cornerstone Bank, N.A.

Debtor is the owner of a 1988 Chevrolet Cavalier automobile, which Debtor values at $500.00 and which Debtor claimed as exempt on Schedule C. Debtor's exemption claim is based on Neb. Rev. Stat. § 25-1556(4) as a motor vehicle used by Debtor to commute to and from work. As a result of the claim of exemption, Debtor also seeks to avoid the lien of Cornerstone Bank in the vehicle pursuant to 11 U.S.C. § 522(f)(1). Cornerstone Bank resists Debtor's claim of exemption and Debtor's motion to avoid lien primarily because Debtor owns another vehicle which Debtor could use to commute to and from work and further because the vehicle was not running and was not actually being used for commuting to and from work.

In the bankruptcy context, the focus is on the debtor's status of the petition date. *See* 11 U.S.C. § 522(b)(3). At the hearing, the only evidence presented was the affidavit of the lending officer at Cornerstone Bank (Fil. #22). That affidavit recounts a statement by Debtor during September 2006 acknowledging that the 1988 Chevrolet Cavalier automobile "was not running and was inoperable * * *." The affidavit further states that the affiant was aware that Debtor was driving other vehicles to and from work. Debtor did not present any evidence as to the operating condition of the vehicle or Debtor's actual use of the vehicle as of the date of the bankruptcy filing.

When an objection to a claim of exemption has been made, the burden is upon the objecting party to show that the exemption is not properly claimed. Fed. R. Bankr. P. 4003(c); *People's State Bank of Wells v. Stenzel (In re Stenzel)*, 301 F.3d 945, 947 (8th Cir. 2002). The only evidence available to the Court is that the vehicle was inoperable around the time of bankruptcy filing, and that Debtor was using other vehicles to commute to and from work. Therefore, the vehicle does not

---

[1] The hearing was originally scheduled on Debtor's amended motion to avoid lien (Fil. #9) and the resistance thereto by Cornerstone Bank (Fil. #15). At the hearing, the parties agreed that the operative motion and resistance would be Fil. ##23 and 24.

fall within the parameters of Neb. Rev. Stat. § 25-1556(4) and Debtor is not entitled to claim an exemption in the 1988 Chevrolet Cavalier.

IT IS ORDERED:

1. Cornerstone Bank, N.A.'s objection to Debtor's claim of exemption in the 1988 Chevrolet Cavalier automobile (Fil. #16) is sustained; and

2. Debtor's amended motion to avoid lien (Fil. #23) is denied.

DATE: November 21, 2006.

BY THE COURT:

 /s/ Thomas L. Saladino 
United States Bankruptcy Judge

Notice given by the Court to:
    *Gregory M. Neuhaus
    Kent E. Rauert
    John A. Wolf
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.